## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TIMOTHY ALLEN TOTH**                                                      **PLAINTIFF**
**ADC #551286**

**V.**                            **NO. 4:24-cv-00285-JM-ERE**

**JOE PAYNE and**
**BOLDEN**                                                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.      Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.     Background:

*Pro se* plaintiff Timothy Allen Toth, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983 complaining about the alleged unconstitutional conditions of his confinement. *Doc.2*. He sues Warden Joe Payne and Deputy Warden Bolden.

For the following reasons, Mr. Toth's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

### III.   <u>Discussion</u>:

A.   Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Toth has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

B.     Eighth Amendment Deliberate Indifference claim

Mr. Toth's complaint alleges that, in 2023, Defendant Payne forced him to live in a one-man cell with another inmate.  To plead a plausible Eighth Amendment inhumane conditions of confinement claim, Mr. Toth must allege facts to arguably show that: (1) objectively, he suffered an "extreme deprivation" that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, Mr. Toth must, at a minimum, allege facts suggesting that Defendants were substantially aware of, but disregarded, an excessive risk to Mr. Toth's health or safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Mr. Toth's complaint fails to allege facts suggesting that Defendants either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety. Mr. Toth's allegations fall exceedingly short of alleging that he suffered an extreme deprivation even arguably violating his constitutional rights. confinement).[1]

---

[1] To the extent that Mr. Toth claims that Defendants violated his constitutional rights by failing to follow any ADC policy, this claim also fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional

Furthermore, Mr. Toth's complaint fails to reference Defendant Bolden, nor does it describe what Defendant Bolden did or failed to do that allegedly violated Mr. Toth's constitutional rights. See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

Accordingly, Mr. Toth's complaint should be dismissed based on his failure to state a plausible constitutional claim for relief.

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.     Mr. Toth's complaint be DISMISSED, without prejudice.

2.     The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3.     The Clerk is instructed to close this case.

DATED 2 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).